UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cr-338 SEP |
| | ) |
| ELIZABETH GUETERSLOH, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on review of a report and recommendation of the Honorable Nannette A. Baker as to four motions filed by Defendant Elizabeth Guetersloh: Motion to Dismiss Indictment for Vindictive Prosecution, Doc. [32]; Motion to Dismiss Counts 19-26 for Failure to State an Offense, Doc. [33]; Motion to Dismiss Counts 19-26 for Failure to Allege *Actus Reus*, Doc. [34]; and Motion for Disclosure of Transcripts of Grand Jury Proceedings, Doc. [36].[1] Magistrate Judge Baker conducted a hearing on the motions on December 20, 2022, and issued her Order, Memorandum, Report and Recommendation, Doc. [56], on January 23, 2023, recommending denial of all four motions. *See id.* at 22. On February 6, 2023, Ms. Guetersloh filed Objections to Report and Recommendation, Doc. [57]. The United States responded on February 8, 2023, Doc. [58], and Ms. Guetersloh replied on February 10, 2023, Doc. [59].

Ms. Guetersloh objects to the Report and Recommendation mainly by raising the same arguments made before Judge Baker. *See* Doc. [57]. The Court has conducted a de novo review of all matters relative to Ms. Guetersloh's motions and objections, including a thorough review of the transcript of the evidentiary hearing held in front of Judge Baker, as well as all the parties' briefing. *See* Docs. [32], [33], [34], [36], [39], [42], [43], [44], [47], [48], [49], [53]; *Thompson v. Nix,* 897 F.2d 356, 357–58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). After careful deliberation, the undersigned will adopt and sustain Judge Baker's thorough and well-considered Report and Recommendation in its entirety and deny Ms. Guetersloh's motions.

---

[1] All pretrial motions in this cause were referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

I.      **Motion to Dismiss Indictment for Vindictive Prosecution (Doc. [32])**

The Court agrees with Judge Baker's analysis and her conclusion that Ms. Guetersloh failed to show either actual vindictiveness or "a realistic likelihood of vindictiveness" on the part of the prosecutor. *United States v. Slatten*, 865 F.3d 767, 799 (D.C. Cir. 2017). Ms. Guetersloh objects that Judge Baker's account of the rationale for the United States' filing of new charges "does not even attempt to make sense of the Government's misleading email," which Ms. Guetersloh regards as "direct evidence of vindictive prosecution." Doc. [57] at 8. She also objects that Judge Baker's account "defies logic" because it does not explain why the Government did not just agree to sever and suggest a new trial date, rather than filing a new indictment with new and more numerous charges. Neither objection has merit.

Judge Baker analyzed the "totality of the circumstances," beginning with the "email sent to the Court on June 10, 2022," and concluded that the prosecutor's decision to dismiss Ms. Guetersloh from the *Hobbs* case and seek a new indictment did not evince vindictiveness, but rather was a response to a "complicated situation" that culminated in learning on June 9, 2022, that going to trial on June 13, 2022—four days later—was no longer a possibility, and that Ms. Guetersloh was seeking a trial date after April 2023. *See* Doc. [56] at 9-11. The fact that the Government sent an email on June 10th suggesting that it planned to reply in further support of severance in *Hobbs* and then, the following week, sought a new indictment, may be evidence that the prosecutors changed their mind about how to proceed under rapidly evolving circumstances. *See* Doc. [53] at 27-28. It is not evidence, direct or otherwise, that their change of course was vindictive. Neither is the fact that the new indictment included new or more numerous charges. There are myriad possible rationales for a charging decision. For example, the Government could have seen a sudden significant extension of the case timeline as an opportunity to pursue charges it had previously set aside in the interest of expediency. *See* Doc. [53] at 26:7-12. Ms. Guetersloh provides no basis for interpreting the email or the altered charges as vindictive, which is her burden. *See United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). Therefore, her objection to Judge Baker's conclusion as to actual vindictiveness is overruled.

Ms. Guetersloh also objects to Judge Baker's conclusion that her claim to a presumption of vindictiveness is foreclosed by *United States v. Goodwin*, 457 U.S. 368 (1982). *See* Doc. [57] at 10-11. But Ms. Guetersloh's attempts to distinguish this case from *Goodwin* fail. *Goodwin* does not require a prosecutor to justify a charging decision in terms of newly uncovered

information, realization of information's "broader significance," or "crystallization" of its "assessment of the proper extent of prosecution" in order to defeat a charge of vindictiveness. *Goodwin*, 457 U.S. at 381. In fact, the Supreme Court cites those kinds of pretrial case development as reasons *not* to adopt a presumption of vindictiveness in the pretrial setting. To read that part of *Goodwin* as creating a presumption that can only be defeated by a specific showing would be to turn it on its head.

Ms. Guetersloh's claim that the Government admits that "none of the pretrial considerations identified in *Goodwin* applied to the Government's decision to dismiss Guetersloh from the *Hobbs* case and indict her in this case" misrepresents the record. The Government admits that it did not discover new facts or conduct any additional investigation; as the Report and Recommendation notes, this case has that in common with *Goodwin* itself. *See* Doc. [56] at 14 (citing *Goodwin*, 457 U.S. at 371 n.2). Ms. Guetersloh points to no concession—or any other evidence—that the Government's charging decision was unrelated to a change in how it evaluated information or the extent of the case against Ms. Guetersloh. *See* Doc. [57] at 10-11.

Ms. Guetersloh's other bases for distinguishing this case from *Goodwin* are equally specious. *See id. Goodwin* does not impose a requirement that a prosecutor justify its choice to file increased charges with a "statement." *Id*. at 11 (citing *Goodwin*, 457 U.S. at 371 n.2). Neither does it place such significance on the timing of the prosecutor's charging decision that, other things being equal, a six-day interval gives rise to a presumption of vindictiveness where a six-week interval does not. And *Goodwin* places no particular emphasis on the unusual circumstance that the prosecutor in that case could not bring serious charges at the beginning of the case. Ms. Guetersloh cites no authority for finding any of those distinctions to be critical to a presumption of vindictiveness. Therefore, her objections do not undermine the conclusion that, under *Goodwin*, the relevant circumstances in this case fail to support a "realistic likelihood of prosecutorial vindictiveness." *Slatten*, 865 F.3d 767, 799; Doc. [56] at 14. Ms. Guetersloh's objections to Judge Baker's analysis of the presumption of vindictiveness are overruled.

**II.      Motion to Dismiss Counts 19 Through 26 for Failure to State an Offense (Doc. [33])**

Ms. Guetersloh also objects to the Magistrate Judge's rejection of her argument that the counts brought under 18 U.S.C. § 641 must be dismissed for failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). Having carefully considered all filings relating to Ms. Guetersloh's argument for dismissal for failure to state an offense, the Court adopts Judge Baker's analysis of

the issue. Ms. Guetersloh's objections raise no argument that was not fully presented to Judge Baker, and the Court agrees that Guetersloh fails to provide any textual basis or legal precedent for her proposed interpretation of 18 U.S.C. § 641. *See* Doc. [56] at 16.

### III.     Motion to Dismiss Counts 19-26 for Failure to Allege *Actus Reus* (Doc. [34])

Ms. Guetersloh further objects to the Magistrate Judge's rejection of her argument that the Government did not sufficiently allege a sufficient *actus reus* for Counts 19-26. On de novo review of all case filings relating to Ms. Guetersloh's argument for dismissal for failure to allege *actus reus*, the Court adopts Judge Baker's analysis of the issue. Although Ms. Guetersloh purports to raise an objection to the Report and Recommendation, she merely reframes arguments already considered by the Magistrate Judge. *See* Doc. [57] at 21; Doc. [48] at 3. And in neither context does she provide any persuasive support for her argument that failure to comply with an ongoing reporting requirement cannot be the *actus reus* for theft of Government funds or her claim that such a conclusion is irreconcilable with the rest of the indictment.

### IV.     Motion for Disclosure of Transcripts of Grand Jury Proceedings (Doc. [36])

In her objections to the Report and Recommendation's analysis of her request for disclosure of the grand jury transcripts, Ms. Guetersloh once again restates arguments that were fully heard and considered by Judge Baker. On de novo review of the parties' arguments, both before Judge Baker and before the undersigned, the Court agrees with Judge Baker's analysis and recommendation. Specifically, the Court rejects Ms. Guetersloh's argument—again unsupported by any authority—that the issue of exculpatory evidence is not moot because she believes that "[t]he grand jury transcripts contain exculpatory materials that the Government has not disclosed." Doc. [29]. Ms. Guetersloh argued to the Magistrate Judge that she should get to see the grand jury transcripts because she has a constitutional right to see any exculpatory evidence contained therein. *See* Doc. [36] at 4-8; *see also* Doc. [57] at 25-28. Judge Baker deemed that argument moot in light of the Government's acknowledgment of its obligation to disclose exculpatory evidence. *See* Doc. [39] at 10. Ms. Guetersloh plainly disagrees, but she cites no authority in support of her claim that, unless the Government "contradict[s] [the] assertion that there is exculpatory material in the grand jury proceedings," a defendant is entitled to disclosure of grand jury transcripts. Doc. [57] at 29. Therefore, that objection is overruled.

Ms. Guetersloh further objects that Judge Baker "ignores the thrust of [her] argument that the indictments contradict each other," which is that "[t]he *Hobbs* indictments claim that Dr.

4

Hobbs and others masterminded the scheme.  The indictment in this case clearly states that Guetersloh devised the scheme herself.  These are facially contradictory factual assertions…"*Id*. at 30.  In fact, Judge Baker addresses Defendant's argument in virtually identical terms:  "Ms. Guetersloh contends that the inconsistency in the two cases is that in the *Hobbs* case, Dr. Hobbs and others are alleged to have masterminded the scheme to defraud, and in the current case, Ms. Guetersloh is alleged to have devised the scheme, which amounts to a factually contradictory theory."  Doc. [56] at 22.  Judge Baker then rejects that argument, finding that the allegations in the two cases, and specifically Ms. Guetersloh's alleged roles in the two cases, are not inherently factually contradictory.  *Id.*  Defendant's objection that her argument was "ignored" is overruled.

## V.     Conclusion

On de novo review, the Court finds that the Magistrate Judge has thoroughly analyzed the law and facts, and that her recommendations are based on careful application of sound legal authority.  Therefore, the Court adopts the Report and Recommendation in full.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Nannette A. Baker (Doc. [56]), filed January 23, 2023, be and hereby is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Vindictive Prosecution (Doc. [32]) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts 19-26 for Failure to State an Offense (Doc. [33]) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Counts 19-26 for Failure to Allege *Actus Reus* (Doc. [34]) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Transcripts of Grand Jury Proceedings (Doc. [36]) is **DENIED**.

**IT IS FINALLY ORDERED** that a jury trial in this matter is set for **Monday, May 8, 2023, at 9 a.m.** in Courtroom 16N.

Dated this 25th day of March, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE