UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:22-CR-338-SEP |
| v. | ) | |
| | ) | |
| ELIZABETH GUETERSLOH, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT GUETERSLOH'S MOTION IN LIMINE
## TO PROHIBIT THE GOVERNMENT FROM INTRODUCING EXPERT TESTIMONY

Defendant Elizabeth Guetersloh ("Guetersloh"), by and through her undersigned counsel, respectfully moves this Court *in limine* to prohibit the Government from presenting expert testimony at trial. At the *Frye* hearing, the Government represented to this Court it did not intend to introduce expert testimony at trial. As such, Guetersloh is filing this motion to obtain a binding court ruling on this issue and to protect the record.

On January 23, 2023, this Court granted Guetersloh's motion to require the Government to provide expert notice pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) no later than 60 days before trial. (*See* Doc. 56). To date, the Government has not provided expert notice pursuant to Rule 16(a)(1)(G).

**I.    Background**

On December 2, 2022, Guetersloh, having already formally requested discovery from the Government including a request for

> any and all evidence of any nature whatsoever and the names of any witnesses, including a written summary of any testimony the Government intends to use in its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705, which summary shall describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications,

formally moved this Court for an order requiring expert disclosure by the Government no later than 60 days before trial. (*See* Doc. 35). This Court granted Guetersloh's motion. (Doc. 56).

To date, the Government has not provided expert notice in compliance with Rule 16(a)(1)(G) for any opinion pertaining to Guetersloh. Accordingly, Guetersloh has engaged in trial preparation and developed a trial strategy predicated on the premise that experts will not testify at this trial. After all, unless deadlines set by this Court mean nothing at all, Guetersloh reasonably relied on a clear court order entered in response to a motion filed by Guetersloh in an effort to avoid any ambiguity about this precise issue. If the Government is permitted to present expert testimony without providing sufficient notice to Guetersloh, the defense would be unambiguously prejudiced because the untimely disclosure has not been provided sufficiently in advance of trial to allow Guetersloh adequate time to retain a counterexpert precisely as Guetersloh represented to this Court she intended to do upon receipt of expert notice 60 days before trial. Thus, any expert testimony should be excluded.

## II.     The Law Requires Exclusion

Federal Rule of Criminal Procedure 16(a)(1)(G) provides, "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial[.]" In this case, Guetersloh's first request by letter mirrored verbatim the language of Rule 16(a)(1)(G) in requesting information of the Government's intended expert testimony.[1] Guetersloh's second request, submitted by motion which this Court granted, explained the

---

[1] The Rule expressly requires that the summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The Advisory Committee Note to the 1993 amendment states that the required production under Rule 16 is intended to be comprehensive and "should cover not only written and oral reports, tests, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts."

2

importance of the disclosure itself *and its timeliness*, and requested disclosure no later than 60 days before trial. (Doc. 35). This Court agreed, granting Guetersloh's motion and requiring such disclosure by the Government. (Doc. 56 at 22).

The rules provide that a party failing to comply with its disclosure obligations may be "prohibit[ed] from introducing the undisclosed evidence" at trial. Fed. R. Crim. P. 16(d)(2). Indeed, the Government's disclosure to a defendant of its intended use of expert witness testimony is of the utmost importance. The United States District Court for the Northern District of Georgia explained why exclusion of the Government's proposed expert witness when the Government fails to comply with the mandates of Federal Rule of Criminal Procedure 16(a)(1)(G) is the appropriate remedy. *United States v. Robinson*, 44 F. Supp. 2d 1345, 1347-48 (N.D. Ga. 1997). The Court reasoned:

> A defendant […] is never required to introduce any evidence and, therefore, the defendant has a right to predicate a trial strategy solely on an attack of the opinion evidence offered by the government. If a defendant does not have the bases for the government's opinion, there is no way the defendant's counsel can effectively cross-examine the expert. It is this issue, which goes to the fairness of the trial, that the court must always keep in mind in dealing with discovery issues in criminal cases.
>
> There are also concerns of judicial economy and the legitimate expectation of the public and of the defendant in the speedy disposition of criminal cases. In this case the relevant portions of Rule 16 tell the Assistant United States Attorney what he must do. He was ordered by the United States Magistrate Judge to comply with his Rule 16 obligations generally and this one in particular. […]
>
> As best this court can determine, the failures of the government in this case to comply with its Rule 16 obligations were begun in lethargy and a lackadaisical acknowledgment of the mandates of Rule 16 and ended with inattention to the order of the court, a stubborn refusal to understand the requirements of Rule 16, and a somnolent review of the materials being produced.
>
> To be sure, the court could have granted yet another continuance for the government to get it right. The court might have even invited the expert witness to chambers and assisted that expert in dictating a proper report to the judge's secretary. This matter, however, ought to be at an end. Failing to impose a sanction

on this record would be to establish a precedent countenancing a disregard of discovery obligations which will assure either a snail like progression of the 800 felony cases filed in this court annually or a succession of trials in which the United States Department of Justice is allowed to flaunt the law it exists to support and defend. *Id*.

Similarly, the Eighth Circuit has affirmed a district court's exclusion of an expert witness based on the Government's failure to comply with its pretrial discovery obligations. *United States v. Sims,* 776 F.3d 583, 584 (8th Cir. 2015). In *Sims*, the Government actually did provide disclosure of a DNA lab report and the name and credentials of the expert witness the Government intended to present at trial, and did so one week before trial, which was ten days *after* the deadline the court set for the Government to disclose expert testimony. *Id.* The defendant moved to exclude the evidence and testimony of the expert "because of the late notice and argued that the government should have requested the lab results sometime in the preceding eight months instead of waiting until the week before trial." *Id.* at 584-85. The defendant also asserted "that he was prejudiced by the late disclosure because he had no time to review the evidence from the government, prepare questions for cross examination of the new witness, or hire his own expert to review the new evidence." *Id.* at 585.

The United States District Court for the Western District of Missouri granted the defendant's motion and excluded the Government's expert from testifying at trial—thereby enforcing its own order. *Id.* Affirming, the Eighth Circuit explained, "[a] district court has broad discretion to sanction a party for failure to comply with discovery orders." *Id.* (citing *United States v. Davis*, 244 F.3d 666, 670 (8th Cir. 2001); Fed. R. Crim. P. 16(d)(2)(C)). The *Sims* Court discussed three factors to determine whether a district court abused its discretion in ordering a sanction for failure to comply with discovery rules: "1) the reason, or reasons, for the delay in production of the evidence, including whether the government acted in bad faith; 2) whether the

4

defendant was prejudiced; and 3) whether a lesser sanction would secure future compliance by the government." *Id.* at 586 (citing *United States v. Amaya*, 750 F.3d 721, 727 (8th Cir. 2014)).

The *Sims* Court explained that the district court had not abused its discretion in excluding the expert testimony, as the district court had reasonably concluded that: (1) the government had acted in reckless disregard of the discovery deadline; (2) the defendant was prejudiced by the late disclosure as it was impossible for him to prepare for cross examination and to hire his own expert witness to rebut the conclusions of the Government's expert witness before trial; and (3) "exclusion was 'the least severe sanction likely to remedy the prejudice and deter future wrongdoing on the part of the government.'" *Id.* (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)).

The *Sims* factors support exclusion of expert testimony in this case. The Government has never provided expert notice in compliance with Rule 16(a)(1)(G) and the deadline for doing so has long passed. Despite clear requests by Guetersloh pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) *and* a clear order by this Court requiring the Government to make expert disclosures no later than 60 days before trial, the Government has not provided an expert disclosure pertaining to Guetersloh.

In light of these facts, Guetersloh would be prejudiced if the Government disregarded this Court's order by disclosing an expert witness. Finally, if this Court were to simply allow expert testimony in this case notwithstanding the Government's complete disregard for this Court's order, it would send a clear and unfortunate message to the Government that Rule 16 obligations are merely advisory (when, in fact, they are mandatory by law) and that disregarding this Court's orders on a matter of this magnitude bears no consequence. Where *Sims* requires consideration of a sanction that will deter future wrongdoing by the Government, this case could not be a clearer

example.

**III.     Conclusion**

Deadlines matter—especially when they are central to protecting the rights of criminal defendants and when they are set in response to motions filed by criminal defendants. The Government should not be permitted to ignore deadlines set by this Court and to simply set its own deadlines.

Based on the foregoing, Guetersloh respectfully requests that this Court grant this Motion, entering an Order excluding the Government from presenting expert testimony at trial.

Respectfully submitted,

**Margulis Gelfand, LLC**


*/s/ Justin K. Gelfand*
Justin K. Gelfand
William S. Margulis
7700 Bonhomme Ave., Suite 750
St. Louis, MO 63105
T: (314) 390-0234
F: (314) 485-2264
E: justin@margulisgelfand.com
***Attorneys for Guetersloh***

**Certificate of Service**

I hereby certify that the foregoing was filed electronically through this Court's electronic filing system upon the United States of America and all counsel of record.

>*/s/ Justin K. Gelfand*
>Justin K. Gelfand
>William S. Margulis
>7700 Bonhomme Ave., Suite 750
>St. Louis, MO 63105
>T: (314) 390-0234
>F: (314) 485-2264
>E: justin@margulisgelfand.com
>***Attorneys for Guetersloh***